# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-848V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * *   *
HOLLY D. PATEL,                           *
                                          *
          Petitioner,                     *
                                          *
v.                                        *
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES,                           *
                                          *
          Respondent.                     *
                                          *
* * * * * * * * * * * * * * * * * * *     *
```

Filed:  October 3, 2018

Special Master Corcoran

*Andrew D. Downing*, Van Cott & Talamente, PLLC, Phoenix, AZ, for Petitioner.

*Glenn MacLeod*, U.S. Department of Justice, Washington, D.C., for Respondent.

### ORDER DEFERRING RESOLUTION OF RENEWED REQUEST FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 19, 2016, Holly Patel filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petitioner alleges that she suffers from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccine administered to her in the U.K. on November 18, 2013. (She previously also alleged that the Repevax (diphtheria/tetanus/pertussis/polio) vaccine she received in August 2013 was associated with her CIDP, but has since dropped that element of her claim).

Although this case is less than two years old, Petitioner replaced her first counsel, Mr.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to § 300aa of the Act.

Franklin John Caldwell, with Mr. Andrew Downing on February 20, 2018. At that time, she requested an interim fee award for Mr. Caldwell, but I deferred resolution of the motion. *See* Order, dated March 15, 2018 (ECF No. 31). I did so because (a) I had some initial concerns about the claim's reasonable basis (in particular due to unresolved questions of whether the flu vaccine administered abroad was covered under the Vaccine Program), and (b) a combination of the case's procedural history and the amount of costs at issue led me to conclude that an interim award was not appropriate. Order at 4–5.

Petitioner has now (seven months after her first interim request) made a second, renewed request, seeking both the sums previously requested for Mr. Caldwell's work as well as additional amounts incurred by Mr. Downing. *See* Renewed Motion, dated September 14, 2018 (ECF No. 51). In addition to the approximately $29,000.00 in fees and costs incurred by Mr. Caldwell during the first eighteen months of the case's life, Petitioner also seeks an interim award of approximately $49,000.00, roughly half of which is attorney time with the remainder reflecting expert costs. *See* Renewed Motion at 4. Respondent has deferred resolution of the propriety of an interim award, as well as the reasonableness of any amount so awarded, to my discretion. *See* Response, dated September 25, 2018 (ECF No. 54), at 2–3.

The attorney and paralegal time incurred by present counsel was billed from January of this year through September, or over a nine-month period. *See* Ex. A to Renewed Motion (ECF No. 51-1) at 1-26. This is not a time frame I would ordinarily deem long enough to suggest a "protracted" case in which an interim award is appropriate, nor is the sum incurred by present counsel of the magnitude I deem sufficient for such a mid-case award. *See* Initial Order, dated July 27, 2016 (ECF No. 5), at 5–6. Petitioner, however, urges me to aggregate the amounts sought by *both* attorneys, and also to take into account the total amount of time that has accrued since the matter's filing. Renewed Motion at 4. With respect to fees requested for the time incurred by Petitioner's expert, Dr. Laura Boylan, Petitioner had provided only a single invoice page, from which it appears that Dr. Boylan seeks a rate of $600 per hour (although she does not break down the work performed in total on this matter). Ex. A at 35.

Based on my review of the above, I find that an interim award of fees and costs is no more appropriate at this time than six months ago. I acknowledge that Petitioner's narrowing of the nature of her claim (as well as Respondent's apparent acceptance that the flu vaccine in question is covered by the Vaccine Act) alleviates some of my prior reasonable basis concerns. However, I do not find that the circumstances of this case and its prosecution otherwise render an interim award necessary. Present counsel has only been on the matter for nine months, and the fees and costs incurred to date are not of a magnitude that would cause me to find that an interim award is merited given the relatively short time that has passed since counsel changed.

I also do not find persuasive Petitioner's attempt to combine all fees incurred by separate counsel in order to increase the magnitude of sums incurred. Certainly Petitioner has not

demonstrated herein that *she* has incurred such costs (a factor that would weigh more in favor of an interim award). While I do not doubt that attorneys carry burdens in representing Vaccine Act petitioners, and that in many circumstances those burdens can justify an interim award of fees or costs, it is not the case that counsel are ever *entitled* to such an award. As I have observed before, the fees provisions of the Vaccine Act exist to aid petitioners—not their counsel. *See, e.g., Carda ex rel. G.J.C. v. Sec'y of Health & Human Servs.*, No. 14-191V, 2017 WL 5378364, at *2 (Fed. Cl. Spec. Mstr. Sept. 5, 2017).

## CONCLUSION

For the reasons set forth above, I hereby determine than an interim fees and costs award remains inappropriate at this time, and I therefore again **DEFER** ruling on it. Petitioner may, however, request an interim award once this matter is scheduled for trial, at which time I will be prepared to act on it.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master