# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-848V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
HOLLY D. PATEL,                      *
                                     *
                Petitioner,          *        Filed: August 13, 2020
                                     *
        v.                           *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                Respondent.          *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 19, 2016, Holly Patel filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that the influenza ("flu") vaccine she received on November 13, 2013, caused her to experience Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Petition (ECF No. 1); Joint Status Report at 1, filed Aug. 1, 2018 (ECF No. 47). Opting to forgo a hearing and instead resolve the matter on the existing

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

record, the parties fully briefed the relevant issues between July and October 2019, and I issued a decision denying entitlement to compensation on May 1, 2020. Entitlement Decision, filed May 1, 2020 (ECF No. 93). That Decision was not appealed.

Petitioner's attorneys have previously received fees and costs awards in this case. Petitioner first requested an interim award of attorney's fees and costs in February 2018, but I deferred resolution of the motion due to concerns that the claim may have lacked reasonable basis, and because it had only (then) been recently filed. Interim Fees Motion, filed Feb. 14, 2018 (ECF No. 25); Order Deferring Ruling on Motion for Attorney's Fees, filed Mar. 15, 2018 (ECF No. 31). After a substitution of prior counsel, Petitioner submitted a second interim request in September 2018, and I again deferred resolution of the motion due to the limited procedural history of the matter, though Petitioner had narrowed her claim, thereby establishing the claim's reasonable basis. Motion for Interim Attorney's Fees and Costs, filed Sept. 14, 2018 (ECF No. 51); Order Deferring Ruling on Motion for Attorney's Fees, filed Oct. 2, 2018 (ECF No. 58). In March 2019, Petitioner filed a third motion for interim attorney's fees and costs, and I awarded a total of $93,475.57 at that time, satisfying the fees sought in earlier requests for prior counsel, plus a portion of the costs sought in connection with the work of present counsel, Mr. Andrew Downing, Esq.. Motion for Interim Attorney's Fees and Costs, filed Mar. 15, 2019 (ECF No. 71); Supplemental Motion for Attorney's Fees and Costs, filed Mar. 29, 2019 (ECF No. 72); Decision, filed Apr. 11, 2019 (ECF No. 74).

Petitioner has now filed a motion for a final award of attorney's fees and costs, seeking an award for all work performed and costs incurred in this case since March 2019. Motion for Attorney's Fees and Costs, filed June 5, 2020 (ECF No. 97) ("Final Fees App."). Petitioner requests a final award of $25,433.35—$25,297.00 in attorney's fees, plus $136.35 in costs—for the work of two attorneys, Mr. Downing and Ms. Courtney Van Cott, Esq., as well as the supportive work of two paralegals. Final Fees App. at 3; *see also* Ex. A, filed on June 5, 2020 (ECF No. 97-1) at 8–9. The costs requested include legal research charges and mailing expenses. Ex. A at 8.[3] For Mr. Downing, Petitioner asks for a rate of $385 per hour for the entire 2019-2020 period. Ex. A at 9. For Ms. Van Cott, Petitioner asks for $205 per hour for work performed in 2019 and a rate of $275 per hour for work performed in 2020. Ex. A at 9. In addition, Petitioner seeks a rate of $135 per hour for work completed by two paralegals. Ex. A at 9.

Respondent reacted to the fees request on June 19, 2020. *See* Response, dated June 19, 2020 (ECF No. 98). He indicates in his Response that he is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case but defers to my discretion the calculation of a proper amount to be awarded. *Id.* at 2–3.

---

[3] Petitioner did not file a General Order No. 9 Statement in connection with his fee application (and counsel does not request any costs personally incurred by Petitioner).

2

## ANALYSIS[4]

### A. Petitioner's Claim had Reasonable Basis

Although it did not ultimately succeed, Petitioner's claim had sufficient objective basis to entitle her to a fee award under the applicable reasonable basis analysis. *See, e.g.*, *P.M. v. Sec'y of Health & Hum. Servs.*, No. 16-949V, 2020 WL 1130353, at *1 (Fed. Cl. Spec. Mstr. Feb. 5, 2020). Claims that the flu vaccine can cause CIDP have scientific legitimacy, and thus are not comparable to the kinds of claims (like those asserting autism as a vaccine injury) that have been discredited through repeated consideration. *See Strong v. Sec'y of Health & Hum. Servs.*, No. 15-1108V, 2018 WL 1125666 (Fed. Cl. Spec. Mstr. Jan. 12, 2018); *Daily v. Sec'y of Health & Hum. Servs.*, No. 07-173V, 2011 WL 2174535 (Fed. Cl. Spec. Mstr. May 11, 2011). The claim also was based on undisputed evidence of CIDP and bulwarked by an expert opinion that was not frivolous or obviously poorly reasoned, even if I ultimately did not find it persuasive. There was enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis. Accordingly, a final award of fees and costs in this matter is appropriate.

### B. The Requested Attorney Rates, Time, and Costs Are Reasonable

The attorneys practicing at Van Cott & Talamante, located in Phoenix, Arizona, have repeatedly been found to be "in-forum," and therefore are entitled to the forum rates utilized by the Office of Special Masters.[5] *See, e.g.*, *Allicock v. Sec'y of Health & Hum. Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates). Upon consideration, given the information proffered by Petitioner herein about Mr. Downing and Ms. Van Cott along with their overall experience, the quality of their work, and their reputation in the legal community, I find that the rates requested are reasonable for the work completed herein and do not require reduction. I also find, after review of the billing records, that the work performed on the matter was reasonably incurred, and therefore make no reductions to the time billed.

Petitioner also requests an award of $136.35 for costs incurred since March 2019, including legal research and mailing expenses. Ex. A at 8. Such costs are typical in Program cases, and Respondent does not otherwise object to their reasonableness. Thus, I award the requested amount in full without reduction.

---

[4] My prior fees decisions in this case set forth the legal standards relevant to fees and costs requests, and therefore I do not include an extended discussion of them or repetition of the applicable caselaw.

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2019-2020, https://www.uscfc.uscourts.gov/node/2914 (last visited on Aug. 11, 2020).

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of **$25,433.35**—representing $25,297.00 in attorney's fees and $136.35 in costs—in the form of a check payable to Petitioner's counsel, Mr. Andrew D. Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.